**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**


VELMA CARTER JAMES                    *        CIVIL ACTION
                                      *
VERSUS                                *        NUMBER: 07-6495
                                      *
STATE FARM FIRE AND CASUALTY CO.      *        SECTION "L"(2)


<u>ORDER & REASONS</u>

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. No. 10).  For the

following reasons, the Plaintiffs' motion is now DENIED.

**I.      BACKGROUND**

This case arises out of an insurance dispute regarding damage to Plaintiff's property

caused by Hurricane Katrina.  On September 20, 2007, Plaintiff filed suit in Orleans Parish Civil

District Court, alleging that Defendant negligently or intentionally failed to fairly and promptly

adjust Plaintiff's claim.  Defendant has paid approximately $60,000 to plaintiff under the policy,

which has a coverage limit of approximately $130,000.  In her complaint, Plaintiff requested all

general and equitable relief which may be available, in addition to attorneys' fees and

compensation for the full amount of her loss.  Defendant removed the case to this Court on

October 5, 2007, asserting diversity jurisdiction under 28 U.S.C. § 1332.  The Plaintiff now

moves to remand this case to state court, arguing that the Court lacks subject matter jurisdiction

under 28 U.S.C. § 1332 because the $75,000 amount-in-controversy requirement is not satisfied.

**II.     LAW & ANALYSIS**

The removing defendant bears the burden of demonstrating that federal jurisdiction exists

and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.* 989 F.2d 812, 815 (5th

Cir. 1993).  The removal statute is to be construed narrowly and in favor of remand to state

court.  *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941).  Accordingly, all disputed

questions of fact must be resolved in favor of the non-moving party.  *See Burden v. Gen.*

*Dynamics Corp.,* 60 F.3d 213, 216 (5th Cir. 1995).

Defendant contends that this Court has diversity jurisdiction over this case because

complete diversity exists and the amount in controversy exceeds $75,000.  Plaintiff does not

dispute that diversity of citizenship exists, but argues that the amount-in-controversy

requirement is not satisfied in this case.

Under Louisiana law, plaintiffs may not claim a specific dollar amount of damages.

*Felton v. Greyhound Lines, Inc.,* 324 F.3d 771, 773 (5th Cir. 2003).  Therefore, in this Circuit, a

defendant must prove by a preponderance of the evidence that the amount in controversy is

sufficient to meet the statutory requirements.  *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th

Cir.1993).  The defendant may satisfy its burden by either (1) "demonstrating that it is 'facially

apparent' that the claims are likely to be above $75,000," or (2) "setting forth facts in

controversy–preferably in the removal petition, but sometimes by affidavit–that support the

finding of the requisite amount."  *Simon v. Wal-Mart Stores, Inc.* 193 F.3d 848, 850 (5th Cir.

1999) (citation omitted).

Plaintiff argues that the Defendant has failed to satisfy its burden of showing that the

amount in controversy exceeds the jurisdictional amount.[1]  Louisiana law allows recovery for

---

[1]       Plaintiff argues that the Defendant has not provided any "proof," such as a
certified copy of the Plaintiffs' insurance policy, to prove that the amount in controversy exceeds
$75,000.  However, Plaintiff herself attached a copy of her policy to the complaint.  *See* Rec.
Doc. No. 1.

attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim, and plaintiff has requested all available relief.  This Court must consider these fees and penalties when it assesses the amount in controversy.  *Nguyen v. Allstate Ins. Co.,* 2007 WL 274799, at *2 (E.D. La. Jan. 29, 2007) (citing *Poynot v. Hicks,* 2002 WL 31040174 at *3 (E.D. La. Sept. 12, 2002)).  Under La. Rev. Stat.§ 22:658, a defendant is liable for an additional penalty of 25 or 50 percent of the damages if the defendant arbitrarily, capriciously or without probable cause failed to pay plaintiff's claim.  Additionally, under La. Rev. Stat. § 22:1220, a defendant is liable for twice the damages sustained if the defendant refused to settle the claim in bad faith.  In the present case, Defendant could be liable for more than $160,000 under these statutes.  Therefore it is facially apparent that the amount in controversy is more than $75,000.

When a defendant has met the burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000.  *De Aguilar*, 47 F.3d at 1411-12.  Under *De Aguilar,* a plaintiff who wants to prevent removal must file, along with the complaint, a binding stipulation that the claim is for less than $75,000.  47 F. 3d at 1412.  Because Louisiana plaintiffs are not limited to recovery of damages requested in their pleadings, such plaintiffs must also affirmatively renounce their right to accept a judgment in excess of $75,000 in order to defeat removal.  *Davis v. State Farm Fire & Cas.,* 2006 WL 1581272 at *2 (E.D. La. June 7, 2006).  In the present case, Plaintiff has not made an affirmative, binding stipulation that establishes with legal certainty that the claim is for less than $75,000.  Therefore, the Court finds that the defendant has demonstrated that the amount-in-controversy exceeds $75,000.

3

**III.    CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is

DENIED.

New Orleans, Louisiana, this 7th day of April, 2008.

_____
UNITED STATES DISTRICT JUDGE